107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Delores DAVIS, Plaintiff-Appellant,
v.
Robert B. REICH, Secretary of Labor, and U.S. Department of
Labor, Defendants-Appellees.
 No. 96-6166.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 APPEARING FOR APPELLANT: Ronald Hart, Rochester, N.Y.
 APPEARING FOR APPELLEE: Donald P. Simet, Assistant United States Attorney, Western District of N.Y., Buffalo, N.Y.
 Present Hon. Ellsworth A. VAN GRAAFEILAND, Hon. Pierre N. LEVAL, Hon. Jose A. CABRANES, Circuit Judges.
 
 
 1
 Appeal from the United States District Court for the Western District of New York (John T. Elfvin, Judge ).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Western District of New York and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 4
 Delores Davis appeals from the district court's dismissal of her employment discrimination complaint after trial. The complaint alleged that, in violation of Title VII, 42 U.S.C. § 2000e et seq., her employers subjected her to a racially and sexually hostile work environment and made several decisions not to promote her based on race and/or sex discrimination and in retaliation for her filing of EEO complaints. Judge Elfvin issued findings of fact, conclusions of law and an order dismissing the case. Because the record amply supports his decision, we affirm.
 
 
 5
 Davis's principal arguments on appeal are that Judge Elfvin's findings of no discriminatory intent, no retaliation, and no hostile work environment are clearly erroneous. We reject these contentions. The evidence as a whole adequately supported the judge's findings.
 
 
 6
 Several other claims involve alleged errors in the presentation to the jury that deadlocked before the bench trial; these claims of error were rendered irrelevant when Davis consented to let Judge Elfvin find the facts. See Royal American Mgrs., Inc. v. IRC Holding Corp., 885 F.2d 1011, 1018-19 (2d Cir.1989) (party represented by counsel who fails to object to bench trial waives right to jury trial.)
 
 
 7
 Affirmed.